OPINION
Kristan Jacob is appealing the judgment of the Montgomery County Common Pleas Court, Juvenile Division which granted the father of her child extended summer visitation with the child in North Carolina.
Kristan Jacob and William Allen had a son, Brandon Allen, on September 24, 1997.[1] Kristan, who works at home at a computer filing business, has had permanent custody of Brandon since the parties separated, with William having visitation. William is self employed in a tree cutting business and was ordered to pay $400 per month for child support, yet William has failed to pay this amount. Kristan and Brandon lived with William at his home in North Carolina for the first eleven months of Brandon's life before Kristan moved to Ohio. Since Kristan's move to Ohio, the majority of William's visitation has occurred by William visiting Brandon in Ohio, spending the days of one weekend a month with Brandon. Prior to the magistrate's order which spawned this appeal, William had only cared for Brandon overnight without Kristan one weekend during Brandon's life.
In early 2000, William filed a show cause motion claiming Kristan was interfering with his court ordered visitation and Kristan filed a motion for contempt for William's failure to pay child support. Additionally before the trial court was Kristan's motion to relocate to New Jersey, which was granted. At the hearing, Kristan expressed concern over the living conditions at William's home. The magistrate had evidence before it that William's home lacks potable water and in the summer lacks any water at all. Additionally, Kristan testified that William's yard is littered with broken glass, several cars, and farm animals wandering the area. In a previous order, the court had found that William's home may be a danger to Brandon. Moreover, Kristan testified that William works fourteen hours a day. Further, William testified that taking off a week from work to spend with Brandon would be a financial hardship but he would be willing to take off a week to spend with his son. William also testified that his home was suitable for a one or two week visit and that friends and relatives had told him they would be willing to help him. At the hearing, William requested being able to spend one week with his son three to four times a year. William did not specify whether he wished these visits to occur in North Carolina or where Kristan would be living. Kristan testified that because of William's limited experience caring for Brandon, the unsuitability of William's home, and Brandon's separation anxiety that she would rather overnight visits occurred close to where she lived rather than North Carolina, so she could reach Brandon within a couple hours if necessary.
In its October 18, 2000 order ruling on these motions, the magistrate provided for William to continue his monthly weekend visits with Brandon and provided for Brandon to go to North Carolina and visit William for a month in the summer. The order continued that in the following year and two years later the visits to North Carolina would increase to two months and three months respectively and continue into the future. Kristan filed objections to the magistrate's decision with the trial court. The trial court overruled those objections and adopted the magistrate's decision on January 5, 2000. Kristan then filed this timely appeal.
Kristan raises the following four assignments of error:
 1. THE DECISION OF THE MAGISTRATE WAS AGAINST THE WEIGHT OF THE EVIDENCE, INCONSISTENT AND CONTRAVENES PAST DECISIONS WITH NO NEW EVIDENCE.
 2. THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING VISITATION THAT IS NOT IN THE BEST INTERESTS OF THE CHILD.
 3. THE TRIAL COURT'S DECISION FAILS TO PROTECT THE NEEDS OF THE CHILD BECAUSE NO GUARDIAN AD LITEM OR COURT SUPERVISION ON FURTHER VISITS WAS APPOINTED.
 4. THE TRIAL COURT ERRED IN GRANTING APPELLEE UNSUPERVISED VISITATION WHEN THE APPELLEE PRESENTED NO PLAN OF CARE FOR THE CHILD.
Appellant's first assignment of error:
Kristan argues that the trial court's decision granting William one month increasing to the entire summer of visitation at his home in North Carolina was against the manifest weight of the evidence. We agree.
An appellate court when reviewing a trial court's determination of visitation between a parent and a child uses an abuse of discretion standard. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. A court is found to have abused its discretion when its attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An appellate court may reverse a trial court's decision as against the manifest weight of the evidence if it is not supported by competent, credible evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 8 O.O.3d 261.
The decision of the trial court awarded William one weekend of visitation a month in the area of Kristan's residence and one month of visitation in the summer of 2001 at William's home in North Carolina. Further the decision provided that in the summer of 2002, Brandon should visit William in North Carolina for approximately two months and in 2003 and all following years visit William for the entire summer, beginning one week after school ends and continuing until one week before school begins. We agree with Kristan that this visitation award is not supported by the evidence and is inconsistent with past decisions. At the hearing, William only requested one week three to four times a year, not the entire summer. (10/6/00 Tr. 10). On the contrary, William testified that the summer was his busy season and that he might be able to take off work one or two weeks but even that would be a financial strain. (10/6/00 Tr. 10, 20). Further, Kristan testified that William worked long fourteen hour days. (10/6/00 Tr. 27). Yet, the trial court's decision awarded months of visitation when William testified that it would be difficult for him to be off a week with his child and neither party presented any evidence regarding what day care William could arrange for such an extended visitation period.
Additionally, William never specifically requested that his visitation occur at his home in North Carolina. William has never had Brandon at his home in North Carolina by himself. (10/6/00 Tr. 9). In fact, he has only been keeping Brandon overnight for weekends in Ohio since September, 2000. Although William commented that his home was suitable for a one or two week visit, he presented no evidence to counter Kristan's testimony that his home in North Carolina has no potable water, no water at all in the summer, and that the lawn is strewn with cars, broken glass, and wandering farm animals. (10/6/00 Tr. 9, 25-26; 5/26/00 Tr. 138-139). More disturbing, William presented no evidence to contradict Kristan's testimony that he keeps several guns at his home which are not locked away and are within easy reach of a child. (10/6/00 Tr. 25-26; 5/26/00 Tr. 138). Although these disturbing allegations were made and no evidence offered to refute them, the trial court still awarded extended visitation to William at this home without any requirement that the home be inspected or approved by the local child welfare agency. This determination is in direct contradiction with the court's prior statement in a previous decision that William's home may be a danger to his young child. (10/6/00 Tr. 47; Magistrate's Decision 11/2/99). Based on this, we find that competent, credible evidence did not exist to support the trial court's visitation award of up to approximately three months of visitation with William in his home and was against the manifest weight of the evidence. The trial court's judgment was arbitrary and unreasonable, and thus, an abuse of discretion. Kristan's first assignment of error is sustained.
Since the first assignment of error is sustained, the remaining assignments of error are moot.
The judgment of the trial court is reversed and remanded.
 _______________________ FREDERICK N. YOUNG, J.
BROGAN, J. and FAIN, J., concur.
[1] In the interest of clarity, we will hereinafter refer to the parties by their first names.